*Court of Common Pleas, Dauphin County, April 7th,* 1863.

UNGER *v.* UNGER.

A devise to a person of the proceeds of real estate during life, and upon his death to his heirs in fee simple, gives to the former not a life estate, but one in fee.

BY THE COURT.—This case, as stated, presents a single legal question: Does the will of Bernard Geiger give to his daughter, Anna M. Unger, a fee simple, or a life estate in the property sold? If the former, the plaintiff is entitled to recover; if the latter, judgment must be rendered in favor of the defendant.

The will of Bernard Geiger, made in the year 1841, by clear and unequivocal expressions, gives to each of his three daughters a life estate in certain real property, therein described, of which he died seized in fee, of which the lot now in question is a part. But the portion of the will relied on by the plaintiff to convert the life estate into a fee simple is in these words: "The proceeds of my said real estate to be applied by my executor, until the appraisement thereof, to the joint use of all my children, and upon the decease of either of my said daughters, the real estate above devised to her, during life, I give and devise to her heirs in fee simple." There can be no possible doubt of the *actual intention* of the testator to bequeath a life estate only in the houses mentioned in the will, and the land in question to his three

[Unger *v.* Unger.]

daughters.    He so declares in four several places, whilst he gives
them the fee simple in the residue of his estate.    But the limi-
tation over is in favor of their respective heirs, in fee simple.
Does that confer the fee on Mrs. Unger, as the proprietress or
first taker of a new estate?    That question appears to be answered
in the affirmative by nearly all of the decisions.

From them it would seem to be quite as impossible to deprive
the donee or alienee for life, remainder over to the heirs of his
body, from barring the entail by a common recovery, as to sell
or bequeath land in fee simple, and prevent the devisee or alienee
from selling it again; and the same rule precisely has been ap-
plied to bequests or alienations in fee simple, as to those in fee
tail.    What is called the rule in Shelley's case has become a set-
tled rule of property in Pennsylvania, and cannot now be shaken
without overturning many estates and doing incalculable mischief.
Although often spoken of as if the rule was then adopted or
recognized for the first time, it is of much greater antiquity, as
we are able to trace it back as far as the reign of Edward the
Third, and probably to that of Edward the First.    It has been
applied to both deeds and wills, as is clear from Shelley's case
itself, and Hileman *v.* Bouslough, 1 Harris, 344, which arose
under deeds, and a multitude of cases depending on wills.

In almost every case, whether arising under one or the other,
it has defeated the intention of the grant or bequest; but not-
withstanding it almost invariably has that effect, we must adhere
to the rule, which I am disposed to think was adopted, in the
first instance, to prevent the fettering of estates from alienation
during the lifetime of the immediate alienee or devisee; and in
the case of wills to more clearly mark the distinction between
those who take by descent, and those who hold by purchase.
There can be no doubt in the present case that the limitation
over after the expiration of the life estate is to the heirs general
of the daughters respectively; not as children, but as *heirs gen-
erally;* not as descriptive of the persons, but of the character in
which they are to take.    They are to take as heirs of the devisee
of the freehold, and not as the root of a mere succession.    This,
according to all of the cases in Pennsylvania, from Carter *v.*
McMichael (10 S. & R. 429) to Guthrie's Appeal (1 Wright, 9),
and Haldeman *v.* Haldeman (4 Wright, 29), has been treated as
an invariable guide to determine that the first taker holds the
property in fee simple or fee tail, and has not a mere life estate,
and can alien or devise the same as other owners of the freehold,
or other tenants in tail.    Had Bernard Geiger given the remain-
der over to his own right heirs, or limited it to the children of
his daughters respectively, should they die leaving issue living
at the time of their deaths, and if not to his heir-at-law, there
could be no doubt but that the property so devised would have

[Trullinger & Co. v. Mauly.]

bccn for life only. But the will is not so worded, and we must take it as it is written, and carry it out according to the legal effect, although it may defeat the actual intention of the testator. Judgment must be rendered in favor of the plaintiff on the case stated.

AFFIRMED BY THE SUPREME COURT, May 27th, 1863.

*Kunkel and Lamberton, for plaintiff.*

*Simonton, for defendant.*